-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARRY HUBBARD,

        Plaintiff,

    -v-

J. C. PENNY DEPARTMENT STORE,
TOURON GLOVER, AMHERST TOWN COURT
AND MUNICIPALITIES, and JOHN DOE 1, 2, 3,

        Defendants.

05-CV-6042CJS(P)

MEMORANDUM and ORDER

---

## INTRODUCTION

Plaintiff Harry Hubbard, an inmate of the Erie County Correctional Facility at the time this complaint was filed, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, security guards at a department store and a town judge, violated his constitutional rights in some manner when he was he was physically accosted and accused of shop lifting by security guards at a Penny's store and then arraigned on charges of shop lifting and taken to jail. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss

a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b) because they fail to state a claim upon which relief may be granted or seeks damages from a party immune from such relief.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

2

Plaintiff names the Amherst Town Court and Municipalities as ~~a defendant~~ *defendants*. He does not, however, allege any facts that state a cause of action as to the Amherst Town Court or municipality.  Plaintiff alleges that Judge Farrell is the Judge of the Municipal Jail for the Town of Amherst, manages the operations of the jail and its policies, and that he is a municipal corporation.  Although the Court is skeptical that these allegation can be born out, plaintiff has made no allegation that states a cause of action under 42 U.S.C. § 1983.  In any event, it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10, 287 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)).  The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though "unfairness and injustice to a litigant may result on occasion," *Mireles*, 502 U.S. at 9.  The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.  *See Pierson*, 386 U.S. at 547.  Absolute immunity bars not only plaintiff's § 1983 claim for damages but also his claim for injunctive relief.  The 1996 amendments to § 1983 provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Federal

3

Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Plaintiff alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Plaintiff's claims against the Amherst Town Court and Municipalities are dismissed.

The remaining parties appear to be private parties. J. C. Penny Department Store is a private enterprise and not a governmental entity of the state or a municipality; as such, the defendant is not a "person" acting under color of state law for purposes of 42 U.S.C. § 1983 and may not be subjected to constitutional restraints which are addressed by that statute. See Lugar v. Edmondson Oil Company, Inc., 457 U.S. 922(1981) (Fourteenth Amendment offers no shield against private conduct, however discriminatory or wrongful); see also Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir.), cert. denied, 484 U.S. 965 (1987). Similarly, Touron Glover and the other security guards were employees of J. C. Penny, and, therefore, also private parties. Plaintiff makes no allegation that the private parties were acting jointly with state actors in some manner that would make the private parties subject to § 1983. Adickes v. S.H. Kress & Co., 398 U.S. at 152;. See also Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). Accordingly, J. C. Penny and its employees are not subject to the mandates of the civil rights statute and the case against them must be dismissed.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed in forma pauperis is granted and, for the reasons discussed above, the complaint is

dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

### **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted; and

FURTHER, that the complaint is dismissed with prejudice.

SO ORDERED.

DATED:   Buffalo, New York
                 June 13, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE